IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ARKON SOLUTIONS, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CIV-22-223-C ) |
| PLATINUM CHEMICAL CORPORATION, | ) ) ) ) |
| Defendant. | ) |

## **ORDER**

Before the Court is Plaintiff's Motion for Summary Judgment. Although the time to respond has passed, Defendant has neither filed a response nor sought additional time to respond. The Tenth Circuit has stated the procedure to be followed in this circumstance:

> To summarize, a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party. The district court must make the additional determination that judgment for the moving party is "appropriate" under Rule 56. Summary judgment is appropriate only if the moving party demonstrates that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. By failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion. The court should accept as true all material facts asserted and properly supported in the summary judgment motion. But only if those facts entitle the moving party to judgment as a matter of law should the court grant summary judgment.

Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002). Following this standard, Plaintiff is entitled to entry of judgment in its favor.

Plaintiff filed the present action asserting claim for breach of contract. Plaintiff's claim arises from its delivery to Defendant of certain products. Attached to Plaintiff's Motion are invoices for the product supplied. Plaintiff has also provided an affidavit from its Chief Executive Officer stating the invoices are accurate business records of the transaction between the parties. The affidavit further states that Defendant made only two payments which, when combined, equal $200.00. The invoices submitted as exhibits total $823,486.57.

To prevail on its breach of contract claim, Plaintiff must prove "formation of a contract; a breach of that contract; and actual damages suffered from that breach." Oltman Homes, Inc. v. Mirkes, 2008 OK CIV APP 64, ¶ 8, 190 P.3d 1182, 1185, citing Digital Design Grp., Inc. v. Info. Builders, Inc., 2001 OK 21, ¶ 33, 24 P.3d 834, 843. The materials attached to Plaintiff's Motion establish there is no dispute of material fact as to each of these elements. Accordingly, Plaintiff is entitled to judgement in the amount of $823,286.57 on its claim for breach of contract.

Plaintiff also seeks to recover interest on the past due amounts. The exhibits attached to the Motion establish the parties agreed to pay interest on any past due amounts at the rate of 18%. Plaintiff avers the amount due as of the date of filing its Motion was $21,554.29, with additional interest accruing at the rate of $406.00 per day. Judgment will be entered in Plaintiff's favor on this issue.

Finally, Plaintiff argues it is entitled to recover its attorneys' fees pursuant to 12 Okla. Stat. § 936 and costs pursuant to 12 Okla. Stat. § 928.  Plaintiff has established its entitlement to recover its attorneys' fees and upon submission of a Motion properly submitted in accordance with Fed. R. Civ. P. 54, attorneys' fees will be awarded.  However, Plaintiff's request for costs pursuant to § 928 will be denied.  Any award of costs is governed by federal law.  See Stender v. Archstone-Smith Operating Tr., 958 F.3d 938, 945 (10th Cir. 2020).

As set forth more fully herein, the undisputed facts demonstrate Plaintiff is entitled to judgment.  Accordingly, Plaintiff's Motion for Summary Judgment (Dkt. No. 12) is GRANTED.  A separate judgment will issue.

IT IS SO ORDERED this 14th day of December 2022.

ROBIN J. CAUTHRON
United States District Judge