## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

ARKON SOLUTIONS, INC.,      )
        )
   Plaintiff,        )
        )
v.         )       **Case No. CIV-22-223-G**
        )
PLATINUM CHEMICAL      )
CORPORATION,        )
        )
   Defendant.       )

## ORDER

Now before the Court is the Motion for Attorney's Fees (Doc. No. 16) filed through counsel by Plaintiff Arkon Solutions, Inc. on December 28, 2022. No response was filed within the time allowed by Local Civil Rule 7.1(g).

### I. Background

Plaintiff filed this lawsuit on March 17, 2022, asserting a claim for breach of contract under Oklahoma law against Defendant Platinum Chemical Corporation. *See* Compl. (Doc. No. 1).[1] On December 14, 2022, the Court granted Plaintiff's motion for summary judgment, finding no dispute of material fact as to any of the elements of Plaintiff's breach of contract claim. *See* Order of Dec. 14, 2022, at 2 (Doc. No. 14). The Court therefore entered judgment on this claim in Plaintiff's favor in the amount of $823,286.57, plus interest. *See id.*; J. (Doc. No. 15) at 1.

---

[1] Although the pleading additionally presented a claim for unjust enrichment, under Oklahoma law, a party may not pursue such a claim when it has an adequate remedy at law for breach of contract. *See Valley View Agri, LLC v. Producers Coop. Oil Mill*, No. CIV-15-1297-D, 2017 WL 1208670, at *3 (W.D. Okla. Mar. 31, 2017).

Along with its entry of judgment, the Court found that Plaintiff "ha[d] established its entitlement to recover its attorneys' fees and upon submission of a Motion properly submitted in accordance with Fed. R. Civ. P. 54, attorneys' fees will be awarded."  Order of Dec. 14, 2022, at 3 (citing Okla. Stat. tit. 12, § 936); *accord* J. at 1.

## II.     Standard of Decision

Plaintiff now seeks an award of its attorney's fees pursuant to Federal Rule of Civil Procedure 54(d)(2) and Local Civil Rule 54.2.  In diversity actions, "attorney fees are a substantive matter" governed by state law.  *Combs v. Shelter Mut. Ins. Co.*, 551 F.3d 991, 1001 (10th Cir. 2008).  Generally, "Oklahoma courts are committed to the American Rule," whereby "every litigant is responsible for its own litigation expenses."  *State ex rel. Dep't of Transp. v. Norman Indus. Dev. Corp.*, 41 P.3d 960, 962 (Okla. 2001).  Attorney fees are available, however, when authorized by a specific statute.  *See Combs*, 551 F.3d at 1001.

As the basis for its request, Plaintiff invokes title 12, section 936 of the Oklahoma Statutes, which authorizes attorney fees to the prevailing parties of certain contract disputes.  The relevant language provides:

> In any civil action to recover for labor or services rendered, or on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, unless otherwise provided by law or the contract which is the subject of the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

Okla. Stat. tit. 12, § 936(A).

The award of fees to the prevailing party under section 936(A) is "mandatory."  *Kay v. Venezuelan Sun Oil Co.*, 806 P.2d 648, 650 (Okla. 1991).  "[T]he determination of

reasonableness and amount of the fee award is generally left to the sound discretion of the district court," however. *Gamble, Simmons & Co. v. Kerr-McGee Corp.*, 175 F.3d 762, 773 (10th Cir. 1999). As recognized by Plaintiff, under Oklahoma law "the correct method for determining a reasonable attorney fee is to calculate the 'lodestar'— the number of hours reasonably expended multiplied by a reasonable hourly rate—and then to enhance or reduce the fee by consideration of the factors in *State ex rel. Burke v. City of Oklahoma City*." *Brown v. Elephant Talk N. Am. Corp.*, No. CIV-18-902-PRW, 2022 WL 1527523, at *3 (W.D. Okla. May 13, 2022) (footnote omitted) (citing *Burke*, 598 P.2d 659, 661 (Okla. 1979)); *see also* Pl.'s Mot. at 2-3.

### III.    *Plaintiff's Request for Attorney Fees*

Plaintiff's Motion for Attorney's Fees seeks an award of $18,124.50, representing fees for 57.5 hours of attorney time and 7.5 hours of time worked by paralegals. *See* Pl.'s Mot. at 3-5. In accordance with Local Civil Rule 54.2, Plaintiff has submitted detailed billing records, as well as an affidavit signed by attorney Michael K. Avery, to support its lodestar calculation and fee request. *See id.* Exs. 1, 2 (Doc. Nos. 16-1, 16-2).

As Defendant has not objected or otherwise responded to the Motion, the Court deems the factual representations made therein confessed pursuant to Local Civil Rule 7.1(g). Based upon the previously entered Judgment and award of damages, Plaintiff is the prevailing party in this matter. *See Comanche Nation of Okla. ex rel. Comanche Nation Tourism Ctr. v. Coffey*, 480 P.3d 271, 278 (Okla. 2020) (defining "prevailing party" as one "for whom final judgment is rendered"). In addition, having considered the relevant

factors, the Court concludes that Plaintiff's request for $18,124.50 is reasonable and well supported by the case record.

CONCLUSION

For the reasons set forth herein, Plaintiff Arkon Solutions, Inc.'s Motion for Attorney's Fees (Doc. No. 16) is GRANTED.

IT IS THEREFORE ORDERED that Defendant Platinum Chemical Corporation shall pay $18,124.50 in attorney's fees to Plaintiff Arkon Solutions, Inc. pursuant to title 12, section 936(A) of the Oklahoma Statutes.

IT IS SO ORDERED this 29th day of March, 2023.

_____
CHARLES B. GOODWIN
United States District Judge