UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ARKON SOLUTIONS, INC., ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-22-223-G |
| ) | |
| PLATINUM CHEMICAL ) | |
| CORPORATION, ) | |
| ) | |
|    Defendant. ) | |

## ORDER

On November 17, 2023, the Court held a hearing regarding the possible entry of a finding of contempt as to Defendant Platinum Chemical Corporation in this matter. *See* Doc. Nos. 32, 35. Having considered the relevant record and authorities, the Court finds Defendant to be in civil contempt.

    I.    *The Court's Hearing of August 10, 2023*

Plaintiff Arkon Solutions, Inc. filed this diversity action against Defendant on March 17, 2022, bringing one claim of breach of contract. Defendant answered and appeared through counsel but failed to respond to Plaintiff's motion for summary judgment. On December 14, 2022, the Court granted summary judgment to Plaintiff on the breach of contract claim and awarded Plaintiff $823,286.57, plus interest in the amount of $21,554.29, with additional interest of $406.00 per day from March 17, 2022. *See* Order of Dec. 14, 2022 (Doc. No. 14); J. (Doc. No. 15). On March 29, 2023, the Court granted Plaintiff's unopposed request for $18,124.50 in attorney's fees pursuant to title 12, section 936(A) of the Oklahoma Statutes. *See* Order of Mar. 29, 2023 (Doc. No. 22).

Plaintiff moved for a judgment debtor exam; this motion was referred to United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(A). Judge Mitchell granted Plaintiff's motion and on June 23, 2023, entered an Order to Appear and Answer as to Assets and Injunction (Doc. No. 27), forbidding Defendant from alienating or otherwise disposing of assets. The exam was initially set for July 20, 2023, but was continued to August 10, 2023, upon request of Defendant's counsel. Despite the continuance, the record reflects that Defendant failed to appear at the judgment debtor exam. *See* Minute Order of Aug. 10, 2023 (Doc. No. 30).

On August 28, 2023, Judge Mitchell issued a Certification of Facts (Doc. No. 31) in accordance with 28 U.S.C. § 636(e)(6)(B), in which she found that while Defendant was absent, Defendant's counsel did attend the judgment debtor exam and "represented to the Court that Defendant had notice and was aware of" the Court's orders and proceedings. *Id.* at 2. "But Counsel could not provide any basis or excuse for Defendant's non-appearance as Defendant had not provided one to counsel." *Id.* No objection to or appeal of the Certification of Facts was filed by any party.

II.     *The Court's Hearing of November 17, 2023*

On October 16, 2023, the Court issued an Order to Show Cause (Doc. No. 32), directing Defendant to appear for hearing on November 3, 2023, and to "show cause why [it] should not be adjudged guilty of contempt of Court and punished therefor for [its] failure to appear at the judgment debtor exam hearing on August 10, 2023." *Id.* at 1; *see* 28 U.S.C. § 636(b)(6). This hearing was later continued to 11:00 a.m. on November 17, 2023. *See* Notice of Hr'g (Doc. No. 35).

The hearing was duly commenced at the prescribed date and time. Although counsel for Plaintiff appeared, neither Defendant nor any agent or attorney for Defendant attended the hearing. The Court did not receive any communication regarding Defendant's absence or any request to reschedule. At the hearing, the Court provided the parties an opportunity to dispute the Certification of Facts issued by Judge Mitchell. Hearing none, the Court accepted and adopted the August 28, 2023 Certification of Facts.

### III.   Finding of Civil Contempt

"[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966). Similarly, a "court's interest in ensuring a party's compliance with its orders is a great one, enforceable by fines or imprisonment." *Ohlander v. Larson*, 114 F.3d 1531, 1541 (10th Cir. 1997) (noting that the court should "use the least possible power adequate to the end proposed" (internal quotation marks omitted)).[1]

To prove civil contempt, it must be shown by clear and convincing evidence "that a valid court order existed, that the defendant had knowledge of the order, and that the defendant disobeyed the order." *Reliance Ins. Co. v. Mast Constr. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998). "The contemnor's disobedience need not be 'willful' to constitute civil contempt. Indeed, a district court is justified in adjudging a person to be in civil

---

[1] A federal court also has "inherent power" "to sanction a litigant for bad-faith conduct" and "to punish for contempts." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 35, 44 (1991) (internal quotation marks omitted). "A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* at 44-45.

contempt for failure to be reasonably diligent and energetic in attempting to accomplish what was ordered." *Bad Ass Coffee Co. of Haw. v. Bad Ass Coffee Ltd. P'ship*, 95 F. Supp. 2d 1252, 1256 (D. Utah 2000) (citation omitted).

Having conducted the requisite de novo hearing, the Court finds Defendant to be in civil contempt as to both the August 10, 2023 and November 17, 2023 hearings. *See Taberer v. Armstrong World Indus., Inc.*, 954 F.2d 888, 904 (3d Cir. 1992). Valid court orders expressly directed Defendant to appear at each of the cited hearings. *See* Order to Appear & Answer as to Assets & Inj. at 1; Order to Show Cause at 1. Defendant received notice of the Court's Orders through service of the Orders upon Defendant's counsel. *See* LCvR 5.4.[2] Defendant failed to appear at either hearing, however, in direct contravention of the Court's command. *See supra*; Certif. of Facts at 2. Further, Defendant has not attempted to "show either that [it] . . . complied with the order[s] or that [it] could not comply with" them. *United States v. Ford*, 514 F.3d 1047, 1051 (10th Cir. 2008).

The Court concludes that Defendant's failure to comply, or to even "be reasonably diligent" in attempting to comply, has been shown to a clear and convincing degree. *Bad Ass Coffee Co. of Haw.*, 95 F. Supp. 2d at 1256; *see Reliance Ins. Co.*, 159 F.3d at 1315. Defendant having knowingly violated the Court's valid Orders of June 23, 2023, and October 16, 2023, and there being no basis in the record for Defendant's noncompliance,

---

[2] Further, as to the first failure to appear, Defendant's counsel represented to the Court that "Defendant had notice and was aware of . . . the August 10, 2023 asset hearing." Certif. of Facts at 2.

4

Defendant Platinum Chemical Corporation should be and is hereby FOUND to be in civil contempt.

In a civil contempt proceeding, damages are remedial in nature and may be used to compensate the opposing party for losses sustained as a result of the contemnor's noncompliance. *See FTC v. Kuykendall*, 371 F.3d 745, 752 (10th Cir. 2004); *Reliance Ins. Co.*, 159 F.3d at 1318. Within 30 days of the date of this Order, Plaintiff shall submit to the Court proof of its damages for any injuries resulting from Defendant's noncompliance. Plaintiff's request should include only those damages claimed to be the result of Defendant's noncompliance with the Orders of June 23, 2023, and October 16, 2023, and related attorney's fees and costs. The Court will then make a determination as to the appropriate entry of compensatory sanctions. *See Kuykendall*, 371 F.3d at 754 ("[D]istrict court judges should require . . . proof of the amount of compensatory damages by a preponderance of the evidence.").

IT IS SO ORDERED this 19th day of December, 2023.

_____
CHARLES B. GOODWIN
United States District Judge